1

2

3

4
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

5
**RENO, NEVADA**

6

7

SYLVESTER BROWN,                          )        3:07-CV-308-ECR-VPC
8                                          )
      Plaintiff,                           )
9                                          )
vs.                                        )        **Order**
10                                         )
TA OPERATING LLC, dba TRAVEL               )
11 CENTERS OF AMERICA; and DOES I-X        )
inclusive,                                 )
12                                         )
      Defendants.                          )
13                                         )
_____ )

14

15        In the case presently before the Court, the plaintiff filed

16 suit against the wrong defendant.  After learning of the error, the

17 plaintiff amended his complaint and served the proper defendant.

18 The proper defendant contends that the plaintiff's attempt to amend

19 his complaint is time-barred.

20        Now pending before the Court is a motion (#32) to dismiss, or

21 in the alternative, for summary judgment, filed by Defendant TA

22 Operating LLC d.b.a. Travel Centers of America ("TA Operating").

23 The plaintiff, Sylvester Brown, opposed (#35) the motion, and TA

24 Operating replied (#36).  The motion is ripe, and we now rule on it.

25

26                         **I. Background**

27        TA Operating, which does business under the name Travel Centers

28 of America, owns facilities that house a casino, a truck stop, and a

restaurant.   TA Operating leases out part of these facilities.
Sierra 76, the originally named defendant in this action, for
example, leases the casino.  TA Operating runs the restaurant.

      Mr. Brown worked for the restaurant on the premises, and he
alleges that his former manager discriminated against him based on
his race.  He filed a complaint with the Nevada Equal Rights
Commission ("NERC").  The NERC found that Mr. Brown was
discriminated against and issued him a right to sue letter.

      Prior to filing his federal complaint, Mr. Brown's counsel, Mr.
Jeffrey Blanck, contacted the city of Sparks to determine the
identity of the resident agent for the business operating at the
address of 200 West McCarran, which was Mr. Brown's employment
address.  "Someone" apparently informed Mr. Blanck that the business
license for that address was Sierra 76, Inc., dba Sierra Sid's.
(See P.'s Opp. 2, 3 (#19).)  Mr. Blanck did not determine whether
there was more than one business license for that address.  As it
turns out, both Sierra 76 and TA Operating have 200 West McCarran
listed as their address on their business licenses.  (D.'s Mtn. Exs.
8, 9 (#18-2).)

      Mr. Brown filed suit in federal court against Sierra 76, Inc.,
on July 9, 2007.  Mr. Brown's proposed summons (#4) issued on July
9, 2007, but was never returned.  On November 20, 2007, the Clerk of
Court filed a Notice (#6) of Intent to Dismiss Pursuant to Federal
Rule of Civil Procedure 4(m).  In response, on November 26, 2007,
Mr. Brown filed an Affidavit (#7) of Brent Pierce, which indicated
that personal service had been effected on Sierra 76's registered
agent on July 16, 2007.

2

1    Sierra 76 did not file an answer or otherwise respond to Mr.
2  Brown's complaint.  The clerk of court entered default (#10) as to
3  Sierra 76 on December 28, 2007.  The Court held a hearing on the
4  entry of default on January 22, 2008, and default judgment was
5  entered (#17) against Sierra 76 on February 1, 2008.

6    Sierra 76 contends that it told Mr. Brown that he had named the
7  wrong defendant in his original complaint.  Ms. Marcy Barba, the
8  president of Sierra 76, asserts by way of affidavit that she
9  initially contacted Mr. Blanck shortly after July 19, 2007, and
10 informed him that Sierra 76 was the wrong defendant in Mr. Brown's
11 case.  Mr. Blanck denies that Ms. Barba ever contacted him before
12 February 20, 2008, when she called him to discuss the default
13 judgment that had been entered.

14    Ms. Barba also states that "very shortly [after July 19, 2007,]
15 I contacted TA Operating regarding the Plaintiff's complaint and
16 [told TA Operating] that Plaintiff had sued the wrong entity.  At
17 that time, I was assured by TA Operating that TA Operating would
18 respond to the allegations in the complaint."  Moreover, she "spoke
19 personally with an employee of TA Operating [in 2007] who informed
20 me that Sylvester Brown . . . had filed charges of employment
21 discrimination against TA Operating with the [EEOC] regarding his
22 employment with TA Operating."  Ms. Barba was then "informed" by TA
23 Operating that it "had responded to the Plaintiff's charges and that
24 the EEOC had found against TA Operating."

25    After the entry of default judgment, Sierra 76 filed a motion
26 (#18) to set aside the default on June 12, 2008.  The Court granted
27 (#21) the motion (#18) on October 20, 2008, but granted the

28                                    3

plaintiff leave to file an amended complaint.  Mr. Brown filed his
amended complaint (#24) on November 7, 2008, this time naming "TA
Operating LLC, dba Travel Centers of America" as a defendant.  A
summons was issued (#26) as to TA Operating's registered agent on
November 14, 2008.

TA Operating filed the present motion to dismiss (#32) on
December 22, 2008.  TA Operating contends that Mr. Brown's amended
complaint is time-barred.  Mr. Brown argues that his amended
complaint relates back to his original complaint and thus is not
time-barred.

## II. Amendment under Rule 15

Rule 15 governs when an amendment to a pleading relates back to
the date of the original pleading.  The test for when an amendment
relates back when a new party is added to the action is more
stringent than that for relating back to add a new claim.  Union
Pac. R.R. Co. v. Nev. Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991)
("Amendments seeking to add claims are to be granted more freely
than amendments adding parties.").  Under Rule 15, when adding a new
party, the amendment relates back if (1) the amendment asserts a
claim or defense that arose out of the same conduct, transaction or
occurrence set out in the original pleading, (2) the party to be
added received notice of the action such that it will not be
prejudiced in defending on the merits, (3) "the party to be added
knew or should have known that the action would have been brought
against it[] but for a mistake concerning the proper party's
identity," and (4) the notice and knowledge elements must have been

4

satisfied within 120 days of the filing of the suit.  Fed. R. Civ. P. 15(c); <u>Louisiana-Pacific Corp. v. ASARCO, Inc.</u>, 5 F.3d 431, 434 (9th Cir. 1993); <u>see</u> Fed. R. Civ. P. 4(m).

Here, the requirements are met for amending a complaint to add a new party, and the amended complaint relates back to the date of the timely filed original complaint.  First, Mr. Brown's amended complaint arises from the same conduct set out in the original pleading; TA Operating does not dispute this.

Second, TA Operating received notice of the action such that it will not be prejudiced in defending the case on the merits.  For purposes of the rule, "notice" may either be formal or informal. <u>Honeycutt v. Long</u>, 861 F.2d 1346, 1350 (5th Cir. 1988); James Wm. Moore, 3 Federal Practice § 15.19[3][c] (3d. ed. 2009) (collecting cases).  The notice, however, must be sufficient such that the new party is not prejudiced in maintaining a defense.  Fed. R. Civ. P. 15(c)(1)(C)(i).  Actual notice of the complaint is not required, but the added party must have been "made aware of the issues in the complaint."  3 Federal Practice § 15.19[3][c].  <u>But cf.</u> <u>Cooper v. U.S. Postal Serv.</u>, 740 F.2d 714, 717 (9th Cir. 1984) (notice of administrative claim is not sufficient for showing notice of institution of action).

TA Operating had notice of the action.  Ms. Barba's affidavit establishes that she contacted TA Operating "shortly after" July 19, 2007, and was "assured by TA Operating that TA Operating would respond to the allegations in the complaint."  TA Operating does not dispute that Ms. Barba informed it of the action.  Had TA Operating's only notice of the action been Mr. Brown's EEOC

complaint, under <u>Cooper</u>, that notice would not have been sufficient. But here TA Operating received actual notice from a lessee that an action was pending.  TA Operating informed the lessee that it (TA Operating) knew of the pendency of the action and that it would respond to the complaint.

Further, TA Operating will not be unduly prejudiced in defending the action.  While the case has been pending for almost two years, TA Operating points to no unique circumstances that show how it will be prejudiced.  Any difficulties in locating witnesses with knowledge about the events giving rise to this case will be equally burdensome on both parties.

Third, TA Operating either knew or should have known that it would have been sued but for a mistake of identity.  As an initial matter, there was a mistake of identity here.  Mr. Brown's counsel contacted the City of Sparks and was only informed of one of the operators of a business license at Sierra Sid's address.  He did not know, however, that more than one business had a business license at that address.  Nor did he discover the mistake after serving the wrong defendant.  Sierra 76, according to Mr. Blanck, never contacted anyone on the plaintiff's side about the matter.

Next, Mr. Brown's mistake appears to stem from confusion surrounding the corporate structure of TA Operating.  In his original suit, he named "Sierra 76 Inc. dba Travel Centers of America" as the defendant.  His amended complaint seeks to name "TA Operating dba Travel Centers of America" as the primary defendant. It is clear that Mr. Brown was familiar with the "dba" designation

1  of the defendant; he simply misnamed the proper corporate entity,
2  which supports his claim that he made a mistake of identity.

3       Also related to this third element is that TA Operating knew —
4  or at least should have known — of the mistake as it was informed by
5  Ms. Barba that Sierra 76 was not the proper defendant.  TA Operating
6  even confirmed to Ms. Barba that it knew that it was the proper
7  defendant in the action when it assured her that it would respond to
8  the complaint.  Thus, Mr. Brown made a mistake as to the identity of
9  the proper defendant, and TA Operating either knew or should have
10 known that it would have been sued but for this mistake.  <u>Accord</u>
11 <u>Centuori v. Experian Information Solutions, Inc.</u>, 329 F. Supp. 2d
12 1133, 1139-40 (D. Ariz. 2004) (stating that even if plaintiff
13 "and/or his counsel might have been negligent, careless, or even
14 arguably at fault for not naming MIS as the [appropriate defendant,
15 MIS has] <u>not</u> shown that the failure to name MIS was a strategic
16 decision and not the result of a mistake concerning identity").

17      Fourth, the notice and knowledge factors above were satisfied
18 within the 120 day period set forth by Rule 4(m).  Here, the
19 original complaint was filed on July 9, 2007.  Ms. Barba told TA
20 Operating of the lawsuit "very shortly" after being served sometime
21 around July 16, 2007.  While the exact date is not known, "very
22 shortly" after July 16, 2007, likely is within 120 days of July 8,
23 2007.

24                          **III. Conclusion**

25      Mr. Brown did not initially bring TA Operating into the case as
26 he should have; nevertheless, his amended complaint meets the
27 requirements of Rule 15, and as such his amended complaint relates

28                                  7

1  back to the filing of his original complaint.   Therefore, TA

2  Operating was timely served with the action.

3

4      **IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss or in

5  the Alternative for Summary Judgment (#32) is **DENIED**.

6

7  DATED: June 24, 2009.

8                              _Edward C. Reed._

9                              _____
                               UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              8